**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ANHEUSER-BUSCH, LLC,** | ) Case No. 2:16-cv-01090 |
| | ) |
| Plaintiff and Defendant on the | ) District Judge George C. Smith |
| Counterclaim, | ) |
| | ) Magistrate Judge Terence P. Kemp |
| v. | ) |
| | ) |
| **ATLAS INDUSTRIAL HOLDINGS, LLC,** | ) |
| **et. al.,** | ) |
| | ) |
| Defendant, Plaintiff on the | ) |
| Counterclaim, Third-Party Plaintiff, and | ) |
| Third-Party Defendant. | ) |

## AGREED PROTECTIVE ORDER

Plaintiff Anheuser-Busch, LLC, Defendant Atlas Industrial Holdings, LLC, and Third-Party Defendant Lexington Insurance Company, by their respective counsel, have agreed to the entry of this Protective Order ("Order"), which shall govern all discovery taken in connection with the above-referenced case (the "Case"). This Court, having considered this matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby ORDERS as follows:

**1.  Confidential Information**

1.1.   For purposes of this Order, "Confidential Information" means non-public, confidential financial, technical, or commercial information, or personal or personally identifiable information that is contained or disclosed in any materials governed by this Order and designated by a producing party or person in accordance with the procedures set forth in Section 2 of this Order.

**2.   Designation of Confidential Information**

2.1.    Any document or thing produced by a party in the Case may be designated as Confidential Information by marking "CONFIDENTIAL" (referred to herein as "Protected Material") on the face of every page of the document at or prior to production.

2.2.    Counsel for a party may designate any or all of a deponent's deposition testimony as CONFIDENTIAL by making a statement to that effect on the record while the deposition is being taken.  Alternatively, counsel for a party may designate the transcript of a deposition as CONFIDENTIAL by notifying the opposing party in writing, within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript that contain Protected Material.  All deposition transcripts shall be treated as Protected Material and subject to this Order until ten (10) business days after a transcript of the deposition is received.  Any portion of any deposition testimony that is not designated as containing Protected Material with this Section 2.2 shall not be entitled to the protection afforded under this Order.

2.3.    When Protected Material is designated in a deposition transcript, the designating party shall instruct the reporter to make the following notations:

(a)    on the first page of the transcript, "This transcript contains CONFIDENTIAL Information."; and

(b)    on each page containing Confidential Information, the notation "CONFIDENTIAL".

2.4.    There shall be no obligation to challenge a designation of Protected Material when made, and failure to do so shall not preclude a subsequent challenge.  A party opposing the designation of Protected Material shall serve a written objection, including a statement of the grounds for the objection, on the designating party.  The designating party will have ten (10)

business days following the receipt of the objection to decide whether to withdraw or modify its designation of the Protected Material. If the designation of the Protected Material is not withdrawn, the opposing party may apply to this Court for a ruling that the Protected Material shall not be so designated. The burden shall be on the party designating the Protected Material to establish, based upon a showing of good cause, that the Protected Material meets the criteria set forth in Sections 1.1 or 2.2 of this Order. If such a showing is not made to the satisfaction of the Court, the material designated as CONFIDENTIAL shall no longer be treated as Protected Material.

**3. Restricted Use of Protected Material**

3.1. Except upon the prior written consent of the party that designates Protected Material, or upon further Order of this Court, Protected Material must be treated strictly in accordance with this Order, may be used or disclosed only as specified in this Order, shall not be disclosed or revealed to anyone not authorized by this Order to receive it, and shall be used only for the litigation of the Case.

3.2. Protected Material designated as CONFIDENTIAL and any document containing such Protected Material may be disclosed only to: (a) the Court and its personnel; (b) counsel of record in the Case, as well as their paralegal, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this proceeding; (c) court reporters and videographers retained in connection with depositions; (d) personnel of companies retained to provide copying, document processing, e-discovery, and trial graphics services who have executed an Agreement to be Bound by Protective Order in the form attached as Exhibit A (a "Confidentiality Agreement"); (e) consultants or experts retained by a party or its attorneys in connection with this action, including technical experts, damage and industry experts, and jury or

trial consultants, together with their employees engaged in assisting in this action (including mock jurors), who have executed a Confidentiality Agreement; (f) any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; (g) the corporate representatives (officers, directors, in-house counsel, or management) of the parties with responsibility for making business decisions dealing with litigation of the Case; and (h) fact witnesses and their counsel during the course of and in preparation for a deposition and/or testimony in the Case, and (i) the parties' insurers, reinsurers, and their auditors, but only if counsel who discloses the Protected Material designated as CONFIDENTIAL to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in preparation for and conduct of the Case and the witness to whom disclosure is made executes a Confidentiality Agreement.

3.3.    Counsel for each party shall maintain copies of Confidentiality Agreements signed by those people who are required to execute such agreements pursuant to Section 3.2 and to whom Protected Material is disclosed in whole or in part.  The signed Confidentiality Agreements shall be available for inspection by counsel for each party upon reasonable notice, except that no party shall be required to disclose the name of any outside non-testifying expert or consultant except as provided by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure.  Any individual to whom counsel for the parties makes a disclosure, pursuant to this Order, of Protected Material must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

3.4.    If an attorney for a party believes it necessary to disclose any Protected Material designated as CONFIDENTIAL to any person not permitted to receive it under Section 3.2, that attorney shall notify an attorney for the producing party in writing and prior to any such

disclosure of:  (a) the specific information, documents and/or testimony proposed to be disclosed and (b) the person(s) to whom such disclosure is proposed to be made.  If an agreement cannot be reached on the proposed disclosure, the party seeking to disclose Protected Material shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is necessary.  In the event of such a motion, this Court will rule as to whether the proposed disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

3.5.    The failure by the producing party or person to designate Protected Material as CONFIDENTIAL shall not be deemed a waiver in whole or in part of the producing party's claims of confidentiality, either as to the material produced or as to the information it contains. Promptly upon discovering its error, the producing party or person shall notify the receiving party in writing of the error, and thereupon the receiving party shall either mark all copies of the specified materials with the appropriate legend or shall return them to the producing party or person for marking.

3.6.    In accordance with Rule 502(d) of the Federal Rules of Evidence, except when a party intentionally and expressly waives attorney-client privilege or work-product protection by disclosing information to an adverse party as provided in Rule 502(a) of the Federal Rules of Evidence, the production or disclosure of documents or other information subject to the attorney-client privilege, the work-product doctrine, or other privilege or immunity shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information.  Further, the provisions of Rule 502(b)(2) of the Federal Rules of Evidence are inapplicable to the production of such information.  If a producing party produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity,

the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the disclosed information be returned. The receiving party shall return all copies or extracts of the produced information within five (5) business days of receipt of the request. Any documents, including but not limited to notes or summaries, referring or relating to any produced privileged material shall be destroyed. Nothing in this Order shall preclude the receiving party returning the produced material from contesting the claim of attorney-client privilege or work-product protection and seeking an order compelling the production of information previously produced, but the receiving party shall not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. This Order does not preclude a party from intentionally and expressly waiving the attorney-client privilege or work-product protection, and the provisions of Rule 502(a) of the Federal Rules of Evidence shall apply when the producing party uses or indicates that it may affirmatively use information produced under this Order to support a claim or defense in the case.

3.7. Any paper, document, exhibit, or other thing that contains or discloses Protected Material which is to be filed with or submitted to the Court shall be filed under seal in accordance with Local Rule 5.2.1 ~~XXX~~ unless otherwise directed by the Court.

3.8. Protected Material may be used in the trial or in any hearing in the Case, subject to such restrictions as the Court may find are reasonable to protect its confidentiality. By agreeing to this Order, no party waives its right to address the handling of the Protected Material at trial.

## 4. Non-Party Materials

4.1. Non-parties from whom documents and testimony are sought shall be entitled to designate materials as CONFIDENTIAL in accordance with this Order. Furthermore, in order to

give the parties to the Case adequate opportunity to designate the parties' respective Protected Material received from the non-parties, all documents and materials produced by a non-party shall be treated as follows:

    (a)    All materials produced by the non-party shall be treated as Protected Material for a period of fifteen (15) business days from the receipt by all parties of the production;

    (b)    At any time on or before the fifteenth business day from receipt of the production, any party to the Case may specifically designate materials produced by the non-party as CONFIDENTIAL. A party who so designates the non-party materials must promptly notify in writing all other parties to the Case of such designation and must promptly include a copy of the non-party materials, properly marked with such notification. Once non-party materials have been specifically designated as CONFIDENTIAL pursuant to this Section, the remaining provisions of this Order concerning use and restrictions on such Protected Material shall apply; and

    (c)    Any materials produced by a non-party that have not been specifically designated as CONFIDENTIAL by the non-party itself or by a party within the fifteen-day period will lose their temporary status as Protected Material and will have no designation, subject to the provisions of Section 3.5 of this Order.

## 5. Confidential Information Subpoenaed or Ordered Produced in Other Litigation

    5.1.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material, the receiving party must so notify the designating party, in writing, immediately, or at least ten (10) days before the subpoena or order

commands the production of such Protected Material.  Such notification must include a copy of the subpoena or court order.

5.2.    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and object to the production of any Confidential Information, except that the receiving party has no obligation to move to quash a subpoena or oppose a motion to compel provided that the receiving party has timely notified the designating party of the subpoena pursuant to Section 5.1.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this Case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Material by the other party to this case.

## 6.  Conclusion of the Case

6.1.    Within thirty (30) days after the final conclusion of the Case, including any settlement, appeals, retrials, or the running of any applicable periods for the filing of a notice of appeal without such notice being filed, all persons to whom Protected Material has been disclosed shall destroy all accessible Protected Material (and all copies or extracts thereof), except that the parties' outside counsel identified in Section 3.2(b) may retain copies of

pleadings, briefs, motions, depositions, exhibits, attorney notes and the like that include Protected Material.  The parties' insurers, reinsurers, and their auditors may, in lieu of destruction, certify all Protected Material will be maintained in accord with the terms of this Order and that access to same shall be limited to only those who have a need to know.  Any such Protected Material so maintained by an insurer shall be deemed inaccessible.  Counsel for the parties shall confer about the date for compliance with this section.  On or before that date, counsel for the receiving party shall provide the designating party a signed written statement that the party has undertaken a good-faith search for Protected Material that is covered by this section, and such Protected Material has been destroyed.

6.2.    Upon final conclusion of the Case, (a) any Protected Material that has been submitted for identification or into evidence in the trial or in any hearing in the Case may be retrieved by counsel for the party that submitted it for identification or into evidence; (b) the Clerk is authorized to deliver said Protected Material to that counsel; and (c) any such Protected Material not returned to counsel shall be destroyed.

6.3.    This Order shall survive the final conclusion of the Case and continue in full force and effect.  The Court shall retain jurisdiction to enforce this Order.

6.4.    Under no circumstances shall a party be required to produce documents or reveal information that it considers Protected Material until any disputes about such documents or information have been resolved.

6.5.    Compliance with the terms of this Order shall not be deemed an admission that any documents or information are admissible in evidence and shall not constitute a waiver of any evidentiary or other objections.  Entering into, agreeing to, and/or complying with the terms of this Order shall not (a) operate as an admission by any party that any document or material

designated by any other party as Protected Material contains or reflects proprietary or

Confidential Information, (b) constitute or be deemed to constitute a waiver of the attorney-client

privilege, the attorney-work-product doctrine, or any other applicable privilege or protection, or

(c) prejudice in any way the right of any party (i) to seek determination by the Court as to

whether any particular document or information is Protected Material or (ii) to seek relief from

any provision of this Order, either generally or with respect to any particular Protected Material,

or (iii) to seek amendments to this Order broadening or restricting the rights of access to or the

use of the Protected Material or otherwise modifying this Order.

     IT IS SO ORDERED.


Date:   April 6, 2017                               /s/ Terence P. Kemp

                                                  Magistrate Judge Terence P. Kemp

                                                  United States Magistrate Judge

AGREED TO:

*/s/ Terrance M. Miller (0023089)*
    Trial Attorney
Jay A. Yurkiw (0068143)
Jason T. Gerken (0090562)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215-6194
Phone: (614) 227-2000
Fax: (614) 227-2100
E-mail: tmiller@porterwright.com
       jyurkiw@porterwright.com
       jgerken@porterwright.com

*Attorneys for Plaintiff*
*Anheuser-Busch, LLC*


*/s/ Joseph A. Gerling (0022054)*
    Trial Attorney
LANE ALTON
Two Miranova Place, Suite 220
Columbus, Ohio 43215
Phone: (614) 223-4754
Fax: (614) 228-0146
Email: jgerling@lanealton.com

*Attorney for Lexington Insurance Company*

*/s/ John G. Witherspoon Jr. (0012151)*
    Trial Attorney
Gordon D. Arnold (0012195)
Christine M. Duraney (0093358)
FREUND, FREEZE & ARNOLD LPA
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
Phone: (937) 222-2424
Fax: (937) 222-5369
Email: jwitherspoon@ffalaw.com
       garnold@ffalaw.com
       duraney@ffalaw.com

*Attorneys for Defendant*
*Atlas Industrial Holdings, LLC*


*/s/ James M. Hoey (pro hac vice)*
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, IL 60603
Phone: (312) 606-7493
Fax: (312) 606-7777
Email: jhoey@clausen.com

*Attorney for Lexington Insurance Company*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANHEUSER-BUSCH, LLC,** | ) | Case No. 2:16-cv-01090 |
| | ) | |
| Plaintiff and Defendant on the | ) | District Judge George C. Smith |
| Counterclaim, | ) | |
| | ) | Magistrate Judge Terence P. Kemp |
| v. | ) | |
| | ) | |
| **ATLAS INDUSTRIAL HOLDINGS, LLC, et** | ) | |
| **al.,** | ) | |
| | ) | |
| Defendant, Plaintiff on the | ) | |
| Counterclaim, Third-Party Plaintiff, and | ) | |
| Third-Party Defendant. | ) | |

<u>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**</u>

I acknowledge that I have been given access to, or may be given access to, certain information, materials, documents, or testimony that a party in the above-referenced litigation (the "Case") considers Protected Material.  I have received a copy of the Agreed Protective Order in the Case.  I have read the Agreed Protective Order, I understand the terms of the Agreed Protective Order, and I agree to be bound by the terms of the Agreed Protective Order.  I understand that the Agreed Protective Order, among other things, prohibits me from disclosing any Protected Material designated as CONFIDENTIAL to any person not permitted to receive it under Section 3.2 of the Agreed Protective Order, unless the person is a member of my staff allowed to have access to the information under the Agreed Protective Order, in which case I will inform that person of the contents of the Agreed Protective Order and will take all steps necessary to ensure that that person preserves the confidentiality of the information.  I understand that the Protected Material is to be used only for the litigation of this Case.  I further

understand that at the conclusion of this Case, I shall account for all Protected Material provided

to me as set forth in Section 6.1.

Dated: _____       Signature:    _____

                                 Print Name:   _____

                                 Address:      _____

                                               _____